UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD DUANE LANDRUM,

Petitioner,

Civil No. 2:08-CV-13210

v.

HONORABLE PATRICK J. DUGGAN

BLAINE LAFLER,

Respondent.
____________________________________/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Gerald Duane Landrum ("Petitioner"), presently confined at the Parr Highway Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, Petitioner challenges his 2004 conviction of one count of assault with intent to do great bodily harm less than murder (Mich. Comp. Laws § 750.84), one count of assaulting, resisting, or obstructing a

[1]Petitioner was incarcerated at the Carson City Correctional Facility when he originally filed his petition for writ of habeas corpus; however, he has since been transferred to the Parr Highway Correctional Facility. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rules Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006). In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

police officer, causing injury requiring medical attention (Mich. Comp. Laws § 750.81d(2)), and two counts of assaulting, resisting, or obstructing a police officer (Mich. Comp. Laws § 750.81d(1)). For the reasons stated below, the Court denies Petitioner's application for a writ of habeas corpus.

## I. Background

On July 7, 2004, a jury convicted Petitioner of the above offenses in the Circuit Court for Jackson County, Michigan. The facts relevant to Petitioner's conviction were set forth by the Michigan Court of Appeals as follows:

> This case arose when defendant and three City of Jackson police officers became involved in an altercation during the early morning hours of April 17, 2004. Officers Hibbard and Lepeak, who were on bicycle patrol, had made contact with a group of people near a van and a truck on Williams Street, and learned that defendant, who was resisting the officers' commands, was in violation of two conditions of his parole: an 11:00 p.m. curfew and a prohibition against consuming alcohol. The physical altercation between Hibbard, Lepeak, and a third officer, Craft, began when the officers attempted to place defendant in handcuffs after he continued to defy their orders to stand still and remove his hands from his pockets. The altercation progressed, and the officers used mace and stuns to apprehend defendant and stop him from choking Hibbard. The incident was captured on a videotape that was shown at trial.
>
> Defendant testified that he was grabbed, maced, and beaten for no reason, and that he did not respond to the officers' commands to place his arms behind his back because his left arm was stuck and his right arm was "asleep" from Hibbard's weight. Defendant denied choking Hibbard, or intending to kill, injure or harm anyone.

*People v. Landrum*, No. 257441, 2005 WL 3481474, at *1 (Mich. Ct. App. Dec. 20,

2005) (unpublished opinion). These facts are presumed correct on habeas review. 28 U.S.C. § 2254(e)(1).

On August 5, 2004 the trial court sentenced Petitioner as a second habitual offender under Michigan Compiled Laws Section 769.10. The court sentenced Petitioner to concurrent sentences of ten to fifteen years' imprisonment for his conviction of assault with intent to commit great bodily harm less than murder, four to six years' imprisonment for his conviction of resisting and opposing a police officer causing injury, and two to three years' imprisonment for his convictions of assaulting, resisting or obstructing a police officer.

Petitioner filed a direct appeal in which he raised the following claims:

(I) His due process rights were violated when the trial court sentenced Petitioner by mis-scoring OV-13 of the state's sentencing guidelines;

(II) He is entitled to resentencing because the statutory sentencing guidelines were mis-scored as to defense variable 3;

(III) The trial court abused its discretion by failing to state substantial and compelling reasons for departing from the appropriate sentencing range;

(IV) Petitioner was denied a fair trial where the trial judge's comments were a direct attack on Petitioner's credibility;

(V) His Due Process rights were violated because the prosecution did not exercise due diligence with regard to serving subpoenas on Defendant's witnesses;

(VI) He was denied a fair trial when the trial judge abused

> his discretion by refusing to give an instruction regarding accidental conduct.

(*See* Doc. 4-8 at 7-8, 33.) The Michigan Court of Appeals affirmed Petitioner's conviction and sentence on December 20, 2005. *Landrum*, 2005 WL 3481474. Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which the Court denied on April 28, 2006. *People v. Landrum*, 474 Mich. 1130, 712 N.W.2d 482 (2006).

Petitioner filed a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500 on March 1, 2007. In his motion, Petitioner asserted the following grounds for relief: the prosecutor failed to properly disclose exculpatory evidence; the state failed to meet the 21-day deadline for filing notice of its intent to proceed against him as a habitual offender; ineffective assistance of counsel based on counsel's failure to object to Petitioner's shackling during trial; ineffective assistance of counsel based on counsel's failure to move for the trial judge's disqualification; ineffective assistance of trial counsel based on counsel's failure to object when the trial judge misspoke at sentencing and indicated that Petitioner was a third felony offender rather than a second offender; and ineffective assistance of appellate counsel based on counsel's failure to raise the previous issues on direct appeal. The trial court denied the motion on April 30, 2007. *People v. Landrum*, No. 04-000550-FC (Jackson County Circuit Court Apr. 30, 2007) (unpublished opinion) [Pet. App. C]. The Michigan Court of Appeals denied Petitioner's application for leave to appeal, as did the Michigan Supreme Court. *People v. Landrum*, No. 278409 (Mich. Ct. App. Nov. 16, 2007); 481

Mich. 911, 750 N.W.2d 186 (2008).

On July 28, 2008, Petitioner filed the pending application for a writ of habeas corpus, raising the following "grounds" for relief:

I. Issuance of a writ of habeas corpus is not barred by any state procedural rule for a failure to raise the claims on direct appeal, not by a state procedural bar, which is insufficient to deny this Court review of the claim where Petitioner has demonstrated cause to excuse the default.

II. A writ of habeas corpus should issue where Petitioner's Sixth Amendment right to effective assistance of counsel was violated where trial counsel failed to object to or file a motion to a [sic] Brady violation; Petitioner's Sixth Amendment right to effective assistance of appellate counsel was violated where appellate counsel failed to raise the Brady claim on direct appeal, as well as the claim of ineffective assistance of trial counsel; Petitioner's Fourteenth Amendment Due Process rights were violated where the state did not comply with the discovery demand.

III. Petitioner's Sixth Amendment right to effective assistance of counsel was violated where trial counsel failed to investigate, file a motion to disqualify the judge, or object to Petitioner being placed in front of a biased judge; Petitioner's Sixth Amendment right to effective assistance of appellate counsel was violated where appellate counsel failed to investigate or raise the issue of a biased judge on direct appeal, or raise a claim of ineffective assistance of trial counsel; Petitioner's Fourteenth Amendment Due Process rights were violated where Petitioner was placed in front of a biased judge for trial and sentencing.

IV. A writ of habeas corpus should issue where Petitioner's Sixth Amendment right to effective assistance of counsel was violated where counsel made

no objection to the trial judge or filed any motion about Petitioner having to appear in front of the jury for jury trial wearing shackles; Petitioner's Sixth Amendment right to effective assistance of appellate counsel was violated where appellate counsel failed to investigate, failed to raise this issue on direct appeal, and also failed to raise the issue of ineffectiveness of trial counsel; Petitioner's Fourteenth Amendment Due Process rights were violated where Petitioner was placed in front of the jury for jury trial wearing shackles.

V. A writ of habeas corpus should issue where Petitioner's Sixth Amendment right to effective assistance of counsel was violated where counsel failed to object at sentencing to a sentencing error and also failed to file a motion for resentencing or correction of sentence; Petitioner's Sixth Amendment right to effective assistance of appellate counsel was violated where appellate counsel failed to raise the issue on direct appeal, and also the ineffectiveness of trial counsel; Petitioner's Fourteenth Amendment Due Process rights were violated where Petitioner was sentenced based on incorrect information.

Respondent has filed an answer to the petition, arguing that Petitioner's claims are barred by procedural default.

## II. Discussion

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief not raised on direct appeal, unless the defendant shows good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. The trial court relied on this rule in denying Petitioner's motion for relief from judgment, concluding that Petitioner asserted

grounds for relief in his motion that were not previously raised on direct appeal and that he failed to show cause and prejudice. *Landrum*, No. 04-000550-FC, Slip. Op. at *2 [Pet. Ex. C]. The Michigan appellate courts denied Petitioner leave to appeal "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *Landrum*, No. 278409 (Mich. Ct. App. Nov. 16, 2007); 481 Mich. 911, 750 N.W.2d 186 (2008). Under the circumstances, the Michigan courts clearly invoked the provisions of Michigan Court Rule 6.508(D)(3) when denying Petitioner's request for relief. *See e.g. Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review also is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged constitutional violation or that the failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to consider possible prejudice. *Smith v. Murray*, 477 U.S. 527, 533, 106 S. Ct. 2661, 2666 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986).

Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United*

*States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998). In order to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865 (1995). Petitioner has failed to meet this burden.

With respect to his claim alleging a violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), Petitioner contends that any default should be excused because the prosecution suppressed the reports or memoranda regarding Officer Hibbard's administrative leave. A habeas petitioner can show "cause" to excuse the procedural default of a claim arising under *Brady* when the reason for the petitioner's failure to develop facts in state court proceedings was the state's suppression of the relevant evidence. *Strickler v. Greene*, 527 U.S. 263, 282-83, 119 S. Ct. 1936, 1949 (1999). In this case, however, Petitioner was aware of the factual basis of his *Brady* claim at the time of his trial and certainly by the time of his direct appeal. In his application for leave to appeal the denial of his motion for relief from judgment, Petitioner concedes that his appellate counsel was aware of each and every issue raised in his motion for relief from judgment, including his *Brady* claim. (Doc. 4-11 at 5-6.) Petitioner therefore cannot establish cause to excuse the default of his claim based on the alleged suppression of this evidence. *See Matthews v. Ishee*, 486 F.3d 883, 890-91 (6th Cir. 2007).

With respect to all of his claims, Petitioner alleges ineffective assistance of appellate counsel as cause to excuse his procedural default. Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . .. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754, 103 S. Ct. at 3314. Moreover, "a brief that raises every colorable issue runs the risk of burying good arguments . . .." *Id.* at 753, 103 S. Ct. at 3313.

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Murray*, 477 U.S. at 536, 106 S.Ct. at 2667 (quoting *Barnes*, 463 U.S. at 751-52, 103 S.Ct. at 3312-13). "'Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome.'" *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). However, appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would

have resulted in a reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003) (internal quotation marks and citations omitted).

Petitioner has failed to show that by omitting the claims now raised in his application for habeas relief, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel filed a forty-seven page brief which raised six claims on direct appeal. (Doc. 4-7.) Petitioner has not shown that appellate counsel's strategy in presenting such claims and not raising others was deficient or unreasonable. Moreover, for the reasons discussed below, none of the claims raised by Petitioner in his post-conviction motion were "dead bang winners" or warrant habeas relief. Appellate counsel cannot be ineffective for failing to raise issues that lack merit. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Therefore, Petitioner has failed to establish cause for his procedural default.

In his second ground for relief, Petitioner claims that the prosecutor violated *Brady* by failing to turn over reports or memoranda concerning Officer Hibbard's administrative leave. Petitioner contends that, without this evidence, he was unable to properly cross-examine the officer and challenge his credibility. There are three components to a *Brady* claim: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or impeaching; (2) that evidence must have been suppressed by the state, either willfully or inadvertently; and (3) prejudice must have ensured. *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948 (1999). At the very least, Petitioner cannot establish this last element. Even if Petitioner discredited Officer Hibbard's

testimony, two other officers testified regarding the incident and a video tape was presented for the jury to make its own determination of what happened.

Petitioner's claim that the trial judge should have disqualified himself because his son is a City of Jackson police officer also lacks merit. The judge's son was neither involved in the altercation with Petitioner nor a witness at his trial. Petitioner fails to identify Supreme Court precedent requiring the trial judge's recusal simply due to his son's association with the police department. As Respondent indicates, courts faced with similar claims have held that the judge need not recuse him or herself. (Resp. at 6-8.); *see also Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008) (outlining Supreme Court precedent on the issue of judicial bias and holding that this precedent did not require the disqualification of the trial judge, whose nephew was the prosecutor at the petitioner's bail and plea hearings.)

Petitioner also is not entitled to habeas relief based on his claim that he was shackled during his trial. "[T]he Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Deck v. Missouri*, 544 U.S. 622, 629, 125 S. Ct. 2007, 2012 (2005). Supreme Court precedent, however, focuses on whether the restraints are *visible* to the jury. *See Mendoza v. Berghuis*, 544 F.3d 650 (6th Cir. 2008). A defendant's constitutional rights are not violated where the restraints are not visible. *Id*. Petitioner fails to present evidence to suggest that his shackles were visible to the jury. In any event, the existence of

overwhelming evidence establishing Petitioner's guilt– including a videotape of the incident– renders any error harmless. *See Lakin v. Stine*, 431 F.3d 959, 966 (6th Cir. 2005), *cert. denied*, 547 U.S. 1118, 126 S. Ct. 1925 (2006).

In his final ground for relief, Petitioner claims that his constitutional rights were violated when the trial court judge failed to give notice that he intended to depart upward from the state sentencing guidelines and sentenced Petitioner as a third felony offender and where the prosecutor failed to provide adequate notice of its intent to charge Petitioner as a habitual offender. The last two assertions are not supported by the record. In any event, none of Petitioner's sentencing claims assert violations of his constitutional rights.

Respondent additionally argues that a portion of Petitioner's fifth claim– namely his allegation that the trial court judge failed to advise Petitioner in advance that he was going to depart from the sentencing guidelines– is procedurally defaulted because Petitioner never raised it in the state courts. Failure to exhaust a claim is not grounds for dismissal, however, where there are no remaining avenues available for the petitioner to pursue the claim in the state courts. *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509-518-20, 102 S. Ct. 1198, 1203-04 (1984)).

There are no state court remedies available to Petitioner. *See* M.C.R. 6.502(G)(1). However, "[a] prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah*, 49 F.3d at

1196 (citing *Coleman*, 501 at 750-51, 111 S. Ct. at 2565). As discussed previously, Petitioner has not established cause for his failure to raise this portion of his fifth claim in either his direct appeal or his post-conviction motion.

As Petitioner has failed to establish cause for his procedural defaults, the Court need not consider possible prejudice. *Murray, supra*. Nevertheless, for the reasons that the Court finds no prejudice to support Petitioner's ineffective assistance of counsel claims, it concludes that Petitioner cannot establish the prejudice prong necessary to excuse his procedural default. Petitioner's claims are thus barred by procedural default and do not warrant habeas relief.

The Court will also deny Petitioner a certificate of appealability. 28 U.S.C. § 2253 governs appeals in § 2254 proceedings and provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." When a petition is denied on procedural grounds, however, a somewhat different standard applies. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604 (2000). In such cases, a certificate of appealability shall issue only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Court concludes that reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner's claims are procedurally defaulted.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

DATE: July 30, 2009

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Gerald Landrum, #260293
Parr Highway Correctional Facility
2727 East Beecher Street
Adrian, MI 49221

AAG Jerrold E. Schrotenboer